[Cite as *State v. Hogan*, 2012-Ohio-4314.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-1 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. |
| | | 2010-CR-174 |
| v. | : | |
| | : | |
| MARCUS HOGAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2012.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 55
Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. #0017456, Post Office Box 291771, Kettering, Ohio
45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Marcus L. Hogan appeals from the revocation of

his community control sanctions and twelve-month sentence for two counts of

Non-Support of Dependents, felonies of the fifth degree. His counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could find no potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} In 2010, Hogan was charged with two counts of Non-Support of Dependents, felonies of the fifth degree. He pled no contest, was found guilty, and was sentenced to community control sanctions for a period not to exceed five years. The trial court specified a prison sentence of twelve months on each count, to be served consecutively, in the event that the community control sanctions would be revoked.

{¶ 3} In August 2011, the State moved to revoke Hogan's community control sanctions, alleging that a condition of those sanctions requiring periodic payments towards various costs, fees and financial sanctions had been violated. In September 2011, the State filed a new motion to revoke Hogan's community control sanctions, again based upon his failure to make the payments required. The allegations in this motion were somewhat different from those in the earlier motion.

{¶ 4} In late September 2011, Hogan waived a probable cause hearing on the alleged violations, as evidenced by the signatures of himself and his counsel on the entry. A hearing was set for December 21, 2011.

{¶ 5}    In November 2011, the State filed a new motion to revoke Hogan's community control sanctions, based upon allegations of non-payment of required payments, and four additional alleged failures to comply with conditions of the community control sanctions.

{¶ 6}    On December 21, 2011, the trial court held a hearing on the alleged violations.  Hogan's probation officer, Brian J. Martin, and a Greene County Child Support Agency Enforcement case worker, Tracy Mershon, testified for the State.  Hogan and his mother testified on Hogan's behalf.  At the conclusion of the hearing, the trial court found that all five alleged violations were proven beyond a reasonable doubt.

{¶ 7}    The trial court proceeded immediately to disposition.  The trial court revoked Hogan's community control sanctions, and imposed a twelve-month sentence for each of the Non-Support of Dependents offenses, to be served concurrently, for a total sentence of twelve months.

{¶ 8}    Hogan appealed.  His counsel filed an *Anders* brief, indicating that he could not find any potential assignments of error having arguable merit.  By entry filed herein on June 6, 2012, we afforded Hogan the opportunity to file his own, pro se brief within 60 days.   He has not done so.

## II.   There Are No Potential Assignments of Error Having Arguable Merit

{¶ 9}    The conditions of community control that Hogan was alleged to have violated   are the following:

1. I will not own, control, purchase, or possess any firearms, ammunition, dangerous ordinance or weapons, including chemical agents, electronic devices used to immobilize, edged weapons, pyrotechnics and/or explosive devises or reside in a home where the aforementioned items are present.

2. I will obey all laws; this includes city, county, state, and federal laws and will not be charged with and/or convicted of a violation of law.

10. I will not possess, use, purchase, or have under my control any narcotic drug or other controlled substance or illegal drugs including any instrument, device or other object used to administer drugs or to prepare them for administration, unless it is lawfully prescribed for me by a licensed physician. I agree to inform my supervising officer of any such prescription within 48 hours of being prescribed such medication. I agree to submit to drug testing as requested by the Adult Probation Department or any other law enforcement agency while on probation.

12. I understand a case plan may have been developed by the Adult Probation Department to assist in my rehabilitation. I understand I will be required to follow this plan as a condition of my probation and it is hereby incorporated into this order.

13. I will make a minimum monthly payment of $100.00 per month toward my court costs, supervision fees, restitution, fines and any other fees assessed against me. All payments are to be paid to the Greene County Clerk of Courts, 45 North Detroit Street, Xenia, Ohio 45385. Payments are to be made in the form of cash, certified check, or money order. Personal checks and credit cards will not be

accepted.

**{¶ 10}**  The trial court found, beyond reasonable doubt, that Hogan had violated all five of these conditions.  Although the evidence in the record of the revocation hearing is conflicting to some extent, there is evidence in the record to support each of the five findings of violation.

**{¶ 11}**  Specifically, there is evidence that: (1) a rifle, with fifteen rounds of ammunition, was found in a truck belonging to Hogan's mother that Hogan was driving; (2) Hogan pled guilty to Driving Under Suspension, that offense having occurred on October 18, 2011; (3) Hogan tested positive for marijuana; (4) Hogan did not return to Mississippi and establish a payroll deduction plan there, as required by his case plan; and (5) Hogan did not make the required payments of $100 per month.

**{¶ 12}**  Hogan's mother testified that her husband put the rifle in her truck, but did not know when he did so.  Hogan testified that he had cleaned the truck out a day or two before driving to see Martin, his probation officer, and the rifle was not there then.  He testified that he did not use marijuana, but had been around people who were smoking it.  He did not deny the Driving Under Suspension violation.  He testified that he did fall behind in his payments, but went to Mississippi and looked for work.  He testified that he was on a path to becoming a truck driver when his license was suspended for non-payment of support.  He testified that he did start working for Perfect Touch Contracting, but that his payroll deduction paperwork had not been complete when he "had to come up here."  He did not explain why he had to come back to Ohio from Mississippi.

{¶ 13}   The trial court was unmoved by Hogan's explanations, as evidenced by the following comments just prior to sentencing Hogan:

What I find as disturbing about this case as anything is that in September the Probation Department filed an affidavit simply saying you had failed to pay your child support obligation.   And the Court notes that you came here owing $15,000 plus in back child support payments, but gave you community control to pay those down; probably recognizing the fact that it was never going to be paid off during your community control in any event.

But the disturbing aspect is that you've drawn most of these violations since you were first notified that the Court was focusing on you for a violation.   You drove under suspension, knowing you didn't have the right to drive.   You tested positive for marijuana.   A gun was found in your truck, apparently, and from the state of the evidence we don't know how it got there, but you have a responsibility to be away from guns.

Frankly, I don't buy the fact that you checked the car one day and coincidently a rifle goes in the next day and then the following day the Probation Department just coincidently finds it.

And, as a part of the plan specifically in this case you were to go to Mississippi, and you're back up here.   So you weren't following the plan provided by the Probation Department.

Frankly, I don't think that you were taking seriously your obligations to this Court, or the obligations of following the requirements the Court has set forth, or the

obligations of support, or basically complying with the law.

I think you're pretty much doing what you want to do. I've got evidence here that you're capable of working, that you have worked, and that under the questioning by your Counsel of all the monies you received, not a dime was paid toward child support.

I just don't think at this point in time you are a good fit for community control, and as such, the Court finds that a prison sentence at this time is consistent with the principles and purposes of sentencing and would otherwise demean the seriousness of your conduct, and that a prison sentence is appropriate at this time. Transcript, pp. 54-56.

{¶ 14} We have performed our duty, under *Anders v. California, supra,* to conduct an independent review of the record. We find no potential assignments of error having arguable merit. There was evidence in the record to support the trial court's findings that Hogan had violated the conditions of his community control sanctions. The sentence imposed – two, twelve-month sentences to be served concurrently – does not constitute an abuse of the trial court's discretion in sentencing.

### III. Conclusion

{¶ 15} This court having found no potential assignments of error having arguable merit, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Elizabeth A. Ellis
J. David Turner
Hon. Stephen Wolaver